UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAUL HOBBS, )
)
        Plaintiff, )
) CAUSE NO. 3:18CV659-PPS
vs. )
)
NURSE KEITH, et al., )
)
        Defendants. )

OPINION AND ORDER

Paul Hobbs, a *pro se* prisoner, filed a complaint alleging he was wrongfully denied physical therapy for his hand in violation of the Eighth Amendment. ECF 2. Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Hobbs is currently an inmate at the Miami Correctional Facility. His lawsuit relates to events that took place earlier this year while he was housed at the LaPorte County Jail. While he was at LaPorte County, he was prescribed physical therapy by his surgeon. But Hobbs missed many of his scheduled therapy appointments due to conflicts. On January 12, 2018, Hobbs had to decide whether to go to a court hearing or to physical therapy. Hobbs chose his court hearing. According to Hobbs, "Nurse Keith" was so upset by Hobbs having made the choice to go to court that Nurse Keith refused to schedule Hobbs for any future physical therapy sessions. Being deprived of physical therapy resulted in pain and permanent damage to Hobbs' hand. Hobbs sues Nurse Keith, as well as three supervisors at the LaPorte County Jail, for money damages for denying him physical therapy.

In medical cases, the Eighth Amendment is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). But prisoners are "not entitled to demand specific care. [They are] not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or

> standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Neither does mere "disagreement with medical professionals . . . state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Here, Hobbs alleges that Nurse Keith was aware that his hand injury required physical therapy, but nevertheless refused to schedule it as punishment for Hobbs choosing to go to a court hearing. Because the complaint alleges that this medical provider knew that Hobbs needed medical attention, but denied him the opportunity to receive it, the complaint states a claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

However, Hobbs' claims against the other three defendants do not fare as well. It appears as though Hobbs believes Sheriff Boyd, Captain Ott and Commander Wilcher should be liable as Nurse Keith's supervisors. However, "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not

cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted). *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Hobbs also argues that these three defendants should have intervened and arranged for him to attend physical therapy. But these defendants cannot be held liable for deferring to the judgment of the medical professional - Nurse Keith - who was tasked to care for Hobbs. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[A] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ."); *Greeno*, 414 F.3d at 656 ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Burks*, 555 F.3d at 595. Thus, Hobbs has not plausibly stated a claim against these three defendants.

ACCORDINGLY:

Paul Hobbs is GRANTED leave to proceed against Nurse Keith for denying him proper medical treatment for his hand from January 12, 2018, until he was moved to Miami, in violation of the Eighth Amendment.

Any and all other claims contained in the complaint are DISMISSED.

Sheriff John Boyd, Captain Ott and Jail Commander Wilcher are DISMISSED as defendants.

The clerk and the United States Marshals Service are DIRECTED to issue and serve process on Nurse Keith at the LaPorte County Jail with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d).

Nurse Keith is ORDERED, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Hobbs has been granted leave to proceed in this screening order.

SO ORDERED on October 19, 2018.

      /s/ Philip P. Simon
Judge
United States District Court